**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

DYLAN C. WILMOTH                                                                                              PLAINTIFF

v.                                                     3:23-cv-00159-BSM-JJV

MARTIN O'MALLEY,
Commissioner, Social Security Administration                                            DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Brian S. Miller.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Dylan Wilmoth, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits.  The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers he could perform despite his impairments.  (Tr. 10-22.)

The review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).   Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detract

from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this

decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will

not be repeated in this opinion except as necessary.  After careful review of the pleadings and

evidence in this case, I find the Commissioner's decision is supported by substantial evidence and

Plaintiff's Complaint should be DISMISSED.

Plaintiff was twenty-six years old at the time of his alleged onset date.  (Tr. 20.)  He has at

least a high school education.  (Tr. 20.)  He has past relevant work as a patrolman and armed guard.

(Tr. 20.)

The ALJ[1] found Mr. Wilmoth had not engaged in substantial gainful activity since the

period from his alleged onset date of August 17, 2019.  (Tr. 12.)  He has "severe" impairments in

the form of "mood disorder with anxiety, disorder of the back, and obesity."  (Tr. 12-13.)  The

ALJ further found Mr. Wilmoth did not have an impairment or combination of impairments

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 13.)

The ALJ determined Mr. Wilmoth had the residual functional capacity (RFC) to perform a reduced range of light work given his physical and mental impairments. (Tr. 15.) Given this RFC finding, the ALJ determined Mr. Wilmoth could no longer perform his past relevant work as a patrolman and armed guard. (Tr. 20.) Accordingly, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 21.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of shipping and receiving weigher, photocopy machine operator, and rental storage clerk. (Tr. 21.) Accordingly, the ALJ determined Mr. Wilmoth was not disabled. (Tr. 22.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 1.)

In support of his Complaint, Plaintiff argues that the ALJ did not reasonably consider the record by failing to comprehensively analyze Plaintiff's subjective complaints and by not affording the proper deference to Plaintiff's medical records. (Doc. No. 7, at 15-20.) As a result, Mr. Wilmoth claims the RFC determined by the ALJ was insufficient. (Doc. No. 7, at 20-21.)

Plaintiff first asserts that that the ALJ should have given more weight to Plaintiff's subjective complaints and that the ALJ should have considered Plaintiff's mother's testimony concerning Plaintiff's frequent underreporting of his symptoms to healthcare providers. (Doc. No. 7 at 15-17.) The ALJ analyzed Mr. Wilmoth's symptoms considering Social Security Ruling 16-3p. (Tr. 15-16.) That ruling fairly tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

1.  the claimant's daily activities;

2.  the duration, frequency and intensity of the pain;

3.  precipitating and aggravating factors;

4.  dosage, effectiveness and side effects of medication;

5.  functional restrictions.

The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

After close review, I find the ALJ fairly evaluated Mr. Wilmoth's subjective complaints. (Tr. 15-20.)  The ALJ's decision is replete with considerations of plaintiff's subjective complaints, but as the ALJ explained, Plaintiff's "statements about the intensity, persistence, and limiting effects of his symptoms are inconsistent with the record as a whole."  (Tr. 18-19.)  Despite subjective complaints of adverse side effects from medication, disabling symptoms, and anxiety, Plaintiff did not report similar side effects to healthcare providers, passed the examination to become an EMT, and was able to attend an automobile race in March of 2021.  (Tr. 18.)  And after careful review, I find the ALJ fully considered statements provided by Plaintiff's mother and found they contradicted other evidence of record.  For example, the ALJ noted  that on March 16, 2021, . . . "the claimant reported that "I'm doing okay," despite his mother having told the claimant's therapist that "This is the worst he's ever been."  (*Id.*, 734, 740.) The ALJ could rightly discount Plaintiff's  mother's  testimony  considering  the  conflicting  nature  of  plaintiff's  subjective

complaints with the objective medical evidence.  Commenting specifically about Mr. Wilmoth's

subjective complaints, the ALJ stated:

> The undersigned does not completely disregard the claimant's complaints of pain, however, and the factor of subjective pain and discomfort, which in and of itself may prove disabling, has been duly recognized and considered. Yet, all such subjective pain and discomfort is not necessarily disabling. The mere inability to work without some degree of pain or discomfort of a minimal to mild nature does not necessarily constitute a "disability" for Social Security purposes. The undersigned finds in this case that the record substantiates a degree of pain. The objective medical and other evidence in the record as a whole, however, is not indicative of a degree of pain that would limit the claimant's activities beyond the scope of the residual functional capacity as determined in this decision.

(Tr. 19.)

I have also carefully considered Plaintiff's second argument that that ALJ should have

afforded more deference to Plaintiff's medical records.  As the Commissioner explains, "Plaintiff

primarily relies on medical source statements ("MSS") from providers Tara Moore, APRN, and

Wanda Mooney, APRN," to support his assertion.  (Doc. No. 9 at 7.)  But these medical source

statements were not mentioned in the ALJ's decision, nor can they be found in the record.

Accordingly, I find Plaintiff's arguments on this point to be without merit as those arguments

largely rely on the medical source statements.

In this case, the ALJ fully examined the medical opinions and prior administrative

medical findings and found them persuasive:

> The State Agency consultants determined the claimant could perform unskilled work at the light exertion level with additional postural and environmental limitations.  Although these professionals did not physically examine the claimant they are well versed in the assessment of functionality as it pertains to the disability provisions of the Social Security Act, as amended.  The objective medical evidence available at the time of their assessments supports their opinions.  For example, the objective medical findings documented by the claimant's pain management specialist and by the claimant's therapist at St. Bernard's Counseling Clinic discussed previously support the limitations these professionals opined. Additionally, their opinions are consistent with the later limited medical evidence from NEA Baptist Hospital and Access Medical Clinic and the lack of

documentation of specialized psychiatric treatment after October 2021. Accordingly, the undersigned finds the opinions of the State Agency consultants persuasive.

(Tr. 19.)

For his third argument, Plaintiff reiterates his previous two arguments and states that the representative RFC established by the ALJ was "deficient." (Doc. No. 7 at 20.) Specifically, Plaintiff asserts:

> As noted above, Plaintiff has a number of impairments, both physical and mental that impact his overall ability to perform various work functions. As such, there should have likely been additional limitations and restrictions added to the representative RFC. Additionally, further consideration of the Plaintiff's subjective complaints, the increased symptomology reported by his mother, and the evaluations and medical source statements provided by his medical sources, should have been given, and appropriately tested under RFC theories.

(Doc. No. 7 at 21.)

Plaintiff further argues that, because he was not able to undergo substantial evaluations, the record was not fully developed, and the RFC assessment was improper. (Doc. No. 7 at 21.) To succeed on this claim, Plaintiff must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither. "While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). The ALJ is permitted to issue a decision without obtaining additional evidence if the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). As previously explained, the ALJ considered the objective medical evidence at great length

before making the informed decision that Mr. Wilmoth had the RFC to perform light work with certain limitations.  (Tr. 15-20.)

I have also fully considered Plaintiff's argument that the ALJ's errors led to "a skewed number of job availability" and, for the same reasons recited above, find it to be without merit. (Doc. No. 7 at 21-23.)  I recognize Mr. Wilmoth has limitations and some serious medical, intellectual, and mental health issues.  However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination.

Plaintiff clearly suffers from some degree of limitation.  And his counsel has done an admirable job advocating for his rights in this case.  However, the objective medical records simply fail to support a claim of *complete disability*.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of

the hearing, and the medical and other evidence.  There is ample evidence on this record that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 28th day of February 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE